Martin L. Fineman (CA State Bar No. 104413)
Joseph E. Addiego III (CA State Bar No. 169522)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: martinfineman@dwt.com
           joeaddiego@dwt.com

Attorneys for Defendant
CONTINENTAL VISINET BROADBAND, LLC,
Erroneously sued as CONTINENTAL VISINET BROADBAND, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN SIMON, individually, on behalf of herself and all others similarly situated,<br><br>           Plaintiffs,<br><br>    v.<br><br>ADZILLA, INC.; CONDUCIVE CORPORATION; CONTINENTAL VISINET BROADBAND, INC.; CORE COMMUNICATIONS, INC. d/b/a CORETEL COMMUNICATIONS, INC. et al.<br><br>           Defendants. | Case No. C09-00879 MMC<br><br>**DEFENDANT CONTINENTAL VISINET BROADBAND, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:** May 15, 2009<br>**Time:** 9:00 a.m.<br>**Place:** Courtroom 7, 19th Floor<br><br>**The Hon. Maxine M. Chesney** |

DAVIS WRIGHT TREMAINE LLP

CONTINENTAL VISINET BROADBAND, INC.'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION
Case No. C09-00879 MMC
DWT 12622153v2 0101227-000004

Dockets.Justia.com

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

I. STATEMENT OF ISSUES TO BE DECIDED ....................................................... 1

II. INTRODUCTION ..................................................................................................... 1

III. STATEMENT OF FACTS ....................................................................................... 2

IV. ARGUMENT ............................................................................................................. 5

    A. This Court Lacks Jurisdiction Over Continental ......................................... 5

    B. Plaintiff Cannot Meet Her Burden Of Establishing General Jurisdiction Over Continental ..................................................................... 6

    C. Plaintiff Cannot Meet Her Burden of Establishing Specific Jurisdiction Over Continental ..................................................................... 9

    D. The Exercise Of Jurisdiction Over Continental Would Be Unreasonable .............................................................................................. 10

V. CONCLUSION ....................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abrams Shell v. Shell Oil Co.*,
 165 F.Supp.2d 1096 (C.D. Cal. 2001) ...................................................................................6

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
 223 F.3d 1082 (9th Cir. 2000) ................................................................................................8

*Brand v. Menlove Dodge*,
 796 F.2d 1070 (9th Cir. 1986) ............................................................................................7, 8

*Burger King Corp. v. Rudzewicz*,
 471 U.S. 462 (1985) .............................................................................................................10

*Congoleum* Corp. *v. DLW Aktiengesellscaft*,
 729 F.2d 1240 (9th Cir. 1984) ................................................................................................8

*Core-Vent Corp. v. Nobel Indus. AB*,
 11 F.3d 1482 (9th Cir. 1993) ....................................................................................10, 11, 12

*Cubbage v. Merchent*,
 744 F.2d 665 (9th Cir. 1984) ..................................................................................................7

*Doe v. Unocal Corp.*,
 248 F.3d 915 (9th Cir. 2001) .................................................................................... 5, 6, 9, 10

*Fields v. Sedgwick Assoc. Risks, Ltd.*,
 796 F.2d 299 (9th Cir. 1986) ...............................................................................................5, 6

*Gates Learjet Corp. v. Jensen*,
 743 F.2d 1325 (9th Cir. 1984) ............................................................................................6, 8

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
 284 F.3d 1114 (9th Cir. 2002) ...........................................................................................5, 10

*Hanson v. Denckla*,
 357 U.S. 235 (1958) ...............................................................................................................6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
 466 U.S. 408 (1984) .......................................................................................................5, 6, 7

*Hilsenrath v. Equity Trust (Jersey), Ltd.*,
 No. C 07-3312SW, 2008 WL 728902 ....................................................................................9

*Int'l Shoe Co. v. Washington*,
 326 U.S. 310 (1945) .........................................................................................................5, 10

*Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*,
 No. C 07-3983JSW, 2007 WL 4532214 (N.D. Cal. Dec. 19, 2007) .......................................9

*McGlinchy v. Shell Chem. Co.*,
 845 F.2d 802 (9th Cir. 1988) ..................................................................................................7

*Pac. Atl. Trading Co. v. M/V Main Express*,
 758 F.2d 1325 (9th Cir. 1985) ..........................................................................................9, 11, 12

*Roth v. Garcia Marquez*,
 942 F.2d 617 (9th Cir. 1991) ......................................................................................................12

*Schwarzenegger v. Fred Martin Motor Co.*,
 374 F.3d 797 (9th Cir. 2004) ............................................................................................. 6, 7, 8

*Shute v. Carnival Cruise Lines*,
 897 F.2d 377 (9th Cir. 1990), *rev'd on other grounds,* 499 U.S. 585 (1991) ..........................6

*World-Wide Volkswagen Corp. v. Woodson*,
 444 U.S. 286 (1980) ....................................................................................................................5

**FEDERAL STATUTES**

Federal Rules of Civil Procedure, Rule 12(b)(2)................................................................................1

**STATE STATUTES**

California Code of Civil Procedure § 410.10 .....................................................................................5

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES HEREIN AND TO THEIR COUNSEL OF RECORD IN THIS ACTION:

NOTICE IS HEREBY GIVEN that on May 15, 2009, at 9:00 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Maxine M. Chesney, 450 Golden Gate Avenue, San Francisco, California, Courtroom 7, 19th Floor, Defendant CONTINENTAL VISINET BROADBAND, LLC, erroneously sued as Continental Visinet Broadband, Inc., ("Continental") for itself and as successor to Continental VisiNet Broadband, Inc, will, and hereby does, move this Court for an order granting Defendant Continental's Motion to Dismiss Plaintiff's Complaint.

Defendant Continental respectfully moves this Court for an order dismissing the Complaint against it for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. This Motion is made upon the grounds that Plaintiff cannot establish that Continental is subject to either general or specific jurisdiction in California, nor further that any exercise of jurisdiction over Continental in California would be reasonable. This Motion is based on the instant Notice of Motion and Motion, the below Memorandum of Points and Authorities in support thereof, the Declaration of Charles L. Watkins in support thereof, the complete files and record in this action, and upon such other oral and/or documentary evidence and/or argument as may be presented by Continental at or before the hearing on this Motion. For the reasons set forth below, this case should be dismissed as to Continental.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

Should the complaint be dismissed as to Continental on the basis of lack of personal jurisdiction where the Plaintiff fails to establish that the exercise of general or specific jurisdiction over Continental would be proper or reasonable?

### II. INTRODUCTION

The Plaintiff filed this putative class action lawsuit asserting a number of claims based upon an alleged unlawful interception of her personal information by the defendants. In summary,

the Plaintiff claims that the defendants placed a device that accesses and records the Internet activity of dialup Internet customers without their knowledge or consent.

Continental has filed this Motion to Dismiss, because the Plaintiff has failed to establish any basis for asserting personal jurisdiction over Continental in this Court. The Plaintiff is a Virginia resident. Continental is a Virginia limited liability company with its principal place of business in Richmond, Virginia. This matter involves a dispute by a Virginia customer about Internet service provided in Virginia.

Recognizing the lack of connection between this dispute and California, the Complaint is bereft of any allegations to support exercising jurisdiction over Continental. The lack of support is unsurprising, because Continental has virtually no contacts with the state of California. As set forth in more detail below, Continental has no offices, facilities, or network in California. Its employees do not travel to California for business, and Continental directs no marketing aimed at California citizens. Continental has only three active customers with California billing addresses. None of these customers were solicited by Continental in California, none receive Internet dialup or any other "last mile"[1] services through Continental, and the total monthly billings for all three is less than $1100.

The existence of three customers falls well short of the significant burden placed on Plaintiff to establish general jurisdiction. Moreover, because the Complaint does not involve any of Continental's activities in California, specific jurisdiction is unavailable. Accordingly, dismissal is appropriate.

### III. STATEMENT OF FACTS

Continental was originally formed under the name Continental Broadband, LLC, as a Delaware limited liability company. (Decl. of Charles L. Watkins ¶ 3 ("Watkins Decl."), attached hereto as Exhibit A). On April 15, 2003, Continental Broadband, LLC acquired substantially all of the assets of the "VisiNet" business, which was owned by E&J Acquisition LLC, a Virginia

---

[1] "Last mile" as used in internet-related industries, refers to that portion of the customer's connection to the internet that is located between the customer premise and the physical presence of the local Internet service provider (ISP). The technology to affect this portion of the customer's connection to a website on the world wide web may be any one of many available (e.g., dialup, cable modem). Continental does not provide last mile services by any technology to customers in California. (Watkins Decl. ¶ 8).

limited liability company. *Id.* On December 19, 2003, Continental Broadband, LLC, was merged with and into Continental VisiNet Broadband, Inc., a Virginia corporation formed ten days earlier. *Id.* The Virginia corporation survived the merger, remaining a Virginia corporation. On August 25, 2008, Continental VisiNet Broadband, Inc. converted to a Virginia limited liability company, now operating as Continental VisiNet Broadband, LLC. *Id.* Although the Plaintiff has named "Continental VisiNet Broadband, Inc., a Delaware Corporation" as a defendant, no such entity has ever existed. *Id.* Rather than require the Plaintiff to re-serve Continental VisiNet Broadband, LLC, in the interests of judicial economy, Continental has filed the instant response to the Complaint.

Continental provides a wide range of Internet and data center services to its customers. The majority of Continental's revenues is derived from and focused on commercial, not residential, customers. (Watkins Decl. ¶ 4). Continental's principal business is data center and associated managed services. *Id.* Continental's services include, among others, dialup internet access (the service about which the Plaintiff complains), website hosting, and "collocation" data services. *Id.* Website hosting involves providing the necessary infrastructure and technology to maintain a website. *Id.* Collocation services involve, among other things, providing the capability to store and access data offsite and to maintain system servers in a secure offsite facility (i.e., a data center). *Id.* As addressed below, Continental does not provide dialup or any other "last mile" Internet access service in California or, for that matter, anywhere on the West Coast. *Id.*

Continental's principal place of business is in Richmond, Virginia. (Watkins Decl. ¶ 5). Continental owns no property, real or personal, in California. *Id.* Continental does not have any offices in California, nor does it maintain a mailing address, phone number, or bank account in California. *Id.* Indeed, Continental does not maintain any facilities, network, or physical presence in California. *Id.* Continental is not licensed to do business in California, it does not maintain any corporate books or records in California, and it does not pay taxes in California. *Id.* It does not have any employees in California, nor does it have a registered agent in California. *Id.* No Continental employees have ever visited California on business, nor made any marketing or sales trips to California. (Watkins Decl. ¶ 6). Continental has not engaged in any direct marketing

activity in California in an effort to attract California customers. *Id.*

Currently, Continental has only three active customers with billing addresses in California, none of whom were actively solicited by Continental in California. (Watkins Decl. ¶ 7). The first customer, Active Web Networks, was a customer of VisiNet and became a customer of Continental through the acquisition of the VisiNet business. *Id.* Continental bills Active Web Networks approximately $200 per month for collocation and associated bandwidth services. *Id.* The second customer, Zipidee, purchased the assets of one of Continental's sister companies, TotalVid (which was located in Virginia), which assets included the Continental contract. *Id.* Subsequent to that acquisition, the billing address was changed from Virginia to California. Continental bills Zipidee $883 per month for collocation and hosting services. *Id.* The third customer, Reach International, receives only an email address through Continental (commonly referred to as an email "mailbox"). *Id.* Continental bills Reach International $120 per year, for an average of $10 per month for this service. *Id.* None of these three customers receive any last mile Internet access, dialup or otherwise, through Continental. *Id.* All three customers are served out of Continental's facilities in Richmond, Virginia. *Id.* The total monthly billing for these three customers is approximately $1093. *Id.* The total annual billing for these three customers is approximately $13,116. *Id.*

Continental does not have California customers for its dialup services, because it does not maintain any facilities or networks for providing such services, nor does it have any relationships with third parties to provide those services in California. (Watkins Decl. ¶ 9). Continental outsources all of its dialup services to CoreTel Communications, Inc. ("CoreTel"). *Id.* To the best of Continental's knowledge, CoreTel does not have any facilities or networks in California, but rather provides services through independent subsidiary companies operating in Virginia, Maryland, Pennsylvania, New York, and Washington, D.C. *Id.*

The Plaintiff likewise has no connection to California. The Plaintiff alleges that she is a resident of Virginia. (Complaint ¶ 16). Moreover, Continental has no relationship, contractual or otherwise, with Defendant Adzilla, Inc. ("Adzilla"). (Watkins Decl. ¶ 10). Continental never authorized the use of any Adzilla products in servicing Continental's dialup customers. *Id.*

4
CONTINENTAL VISINET BROADBAND, INC.'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION
Case No. C09-00879 MMC                                                                                    DWT 12622153v2 0101227-000004

## IV. ARGUMENT

### A. This Court Lacks Jurisdiction Over Continental

"In a case based on diversity jurisdiction, a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process." *Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986) (quotation and citation omitted); *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002) (applying California long-arm statute in federal question jurisdiction case). Since California's personal jurisdiction rule "extends jurisdiction to the limits of due process," the essential inquiry is whether the Due Process Clause of the Constitution permits this Court to exercise personal jurisdiction over Continental.[2] *Doe v. Unocal Corp.,* 248 F.3d 915, 923 (9th Cir. 2001). To satisfy due process, a nonresident defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal citations omitted). The requirement of "minimum contacts" is premised upon the principle that the nonresident defendant's "conduct and connection with the forum State must be such that the defendant should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Under this "minimum contacts" analysis, a court may assert personal jurisdiction over a nonresident defendant in two ways: (i) through general jurisdiction, which is premised on the defendant's substantial and continuous contacts with the state; or (ii) through specific jurisdiction, which is premised on the plaintiff's cause of action arising directly out of the defendant's activities in the state. As the Ninth Circuit has explained:

---

[2] Section 410.10 of the California Code of Civil Procedure provides that a California court may "exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." C.C.P. § 410.10.

> If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum. A court may exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court. The question is whether the cause of action arises out of or has a substantial connection with that activity.

*Unocal*, *supra*, 248 F.3d at 923 (quoting *Hanson v. Denckla,* 357 U.S. 235, 250-53 (1958)) (internal citations omitted).

When personal jurisdiction is challenged by a nonresident defendant, "[i]t is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Id.* at 922. The plaintiff must establish that the nonresident defendant has minimum contacts with the forum state. *Fields, supra*, 796 F.2d at 301. Here, Plaintiff cannot meet her burden of demonstrating either general or specific jurisdiction.[3]

### B. Plaintiff Cannot Meet Her Burden Of Establishing General Jurisdiction Over Continental

This Court may exercise general jurisdiction over Continental only upon a showing that it has "substantial" or "continuous and systematic" activities within California. *Id*. The Ninth Circuit has emphasized that "the level of contact with the forum state necessary to establish general jurisdiction is quite high." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990), *rev'd on other grounds,* 499 U.S. 585 (1991). Indeed, the contact must be considerable — occasional activities within the forum state are insufficient. *See*, *e.g.*, *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330-31 (9th Cir. 1984) (no general jurisdiction where the nonresident defendant visited and made purchases in the forum state, solicited a contract in the forum and had extensive communications with the forum); *Helicopteros*, *supra*, 466 U.S. at 410-11, 418-19 (finding insufficient contacts with forum state despite sales negotiations, purchase of equipment, and training of personnel in the forum state); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) (holding that alleged contacts, including regularly purchasing

---

[3] Motions, like this one, brought under F.R.C.P. 12(b)(2) "must be decided on the basis of competent evidence (*e.g.*, declarations…), and the court cannot assume the truth of allegations in a pleading contradicted by" such competent evidence. *Abrams Shell v. Shell Oil Co.*, 165 F.Supp.2d 1096, 1103 (C.D. Cal. 2001). Accordingly, the Court here may consider the attached declaration, and need not assume that the challenged pleadings are true.

DAVIS WRIGHT TREMAINE LLP

automobiles imported by California entities, regularly retaining services of a California-based direct-mail marketing company, and hiring a California sales training company, were insufficient to establish jurisdiction); *see also Fields*, 796 F.2d at 301 (citing and discussing cases where contacts were deemed insufficient).

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous and systematic general business contacts . . . that approximate physical presence in the forum state." *Schwarzenegger*, *supra*, 374 F.3d at 801. The Ninth Circuit has held that this high threshold is not met where a nonresident defendant "never maintained offices, qualified to do business, or regularly solicited business in California, … never assigned agents or employees to work regularly in California … never owned, used, or possessed real property in California, and … never contracted to supply goods or services in California." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 816 (9th Cir. 1988). Similarly, general jurisdiction does not exist where the nonresident defendant does not own real or personal property and has not solicited business in the forum state. *Helicopteros*, *supra*, 466 U.S. at 416-419.

Applying this standard, it is clear that the Plaintiff has not met her burden to establish this Court's general jurisdiction over Continental. Both the Plaintiff and Continental are located in Virginia. (Compl. ¶¶ 16 and 19; Watkins Decl. ¶ 3). As set forth in greater detail above, Continental has essentially no contacts with the state of California, much less "continuous and systematic business contacts . . . that approximate physical presence in the forum state." Continental has no offices, facilities, or networks in California. (Watkins Decl. ¶ 5). Continental does not own any real or personal property in California, is not licensed to do business in the state, and does not have a registered agent for service of process in California. *Id.* No Continental employees have visited California on business trips, and Continental has conducted no direct marketing activity in California. (Watkins Decl. ¶ 6). Only three of Continental's customers even maintain California billing addresses, and none of these receive dialup services. (Watkins Decl. ¶ 7). Continental did not solicit any of these three customers in California, and the total billings amount to approximately $1093 per month. *Id.*

In analyzing general jurisdiction issue, courts in the Ninth Circuit have uniformly held that these types of contacts are not sufficient to establish general jurisdiction. In *Brand v. Menlove Dodge*, 796 F.2d 1070 (9th Cir. 1986), the court collected a series of cases to illustrate the strictness of the general jurisdiction standard. First, as summarized by the *Brand* court, in *Cubbage v. Merchent*, 744 F.2d 665, 667-68 (9th Cir. 1984), the Ninth Circuit refused to find general jurisdiction over a group of doctors who had numerous patients in the forum state, who maintained insurance though the state's medical insurance program and who conducted direct advertising in the forum state.

In *Congoleum* Corp. *v. DLW Aktiengesellscaft*, 729 F.2d 1240, 1243 (9th Cir. 1984), the court held that development of a sales force in the forum state was insufficient to confer general jurisdiction. Citing this authority, the *Brand* court concluded that isolated sales to California consumers, as well as importation of products through a California port, was insufficient to confer general jurisdiction over the defendant in that case. *Brand*, *supra*, 796 F.2d. at 1073.

In *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330-31 (9th Cir. 1984), the Ninth Circuit held that general jurisdiction did not exist over the defendant-Philippine corporation. The defendant had solicited and negotiated an international distributor agreement for executive aircrafts in the state of Arizona. *Id.* at 1329. During the negotiations, the president of the company made multiple trips to Arizona on the company's behalf. *Id.* While in Arizona, the defendant made $200,000 worth of purchases from the plaintiff. *Id.* Finally, the defendant entered into a number of purchase agreements with the plaintiff which all specified that they were to be governed by Arizona law. *Id.* Although the Arizona long-arm statute, like the California long-arm statute, permits the exercise of jurisdiction to the maximum extent permitted by due process, the court held that general jurisdiction was not established. *Id.* at 1330. The court found it significant that the defendant "did not establish a regular place of business in Arizona." *Id.* at 1331. Finally, the court concluded that the defendant's "activities in Arizona were more occasional than continuous, and more infrequent than systematic." *Id.*

Numerous other cases in the Ninth Circuit reach the same conclusion. *See, e.g.*, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (hiring California-

based companies to conduct marketing and consulting, coupled with entering into sales contracts containing California choice-of-law provisions, is not sufficient for personal jurisdiction); *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (no general jurisdiction where defendant had license agreements with California businesses and occasionally engaged in unsolicited sales, but was not licensed in California, paid no taxes in California and conducted no advertising in California); *Hilsenrath v. Equity Trust (Jersey), Ltd.*, No. C 07-3312SW, 2008 WL 728902, at * 3 (N.D. Cal. Mar. 17, 2008) (the Hon. Claudia Wilken found that owning, controlling and investing in California corporations does not establish general jurisdiction because (1) a subsidiary's contacts with the forum state cannot subject its parent to personal jurisdiction in that state and (2) investment constitutes commerce <u>with</u> a California corporation and not business <u>in</u> California); *Jonathan Browning, Inc. v. Venetian Casino Resort*, *LLC*, No. C 07-3983JSW, 2007 WL 4532214, at *3 (N.D. Cal. Dec. 19, 2007) (the Hon. Jeffrey S. White found that the defendant's "advertising and marketing scheme, [national] website, and the large percentage of Californian customers…[are contacts]… that do not approximate physical presence in this district and do not meet the high standard of general jurisdiction.").

Given this authority, there is no basis to find general jurisdiction over Continental. To the extent Continental has any contacts with California, those contacts are minimal and sporadic. General jurisdiction, however, requires continuous and systematic contacts that simply do not exist with respect to Continental.

### C. Plaintiff Cannot Meet Her Burden of Establishing Specific Jurisdiction Over Continental

California courts have articulated a three-part test for determining whether specific jurisdiction may be established over a nonresident defendant:

> (1) The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or results from the defendant's forum-related activities; and
>
> (3) Exercise of jurisdiction must be reasonable.

*Unocal, supra*, 248 F.3d at 923. A plaintiff must prove ***all*** of these elements in order to establish specific jurisdiction. *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1329 (9th Cir. 1985).

None of the prongs of this three-part test are met here. Continental has not purposefully directed any activity toward California. Continental does not actively solicit business in California. (Watkins Decl. ¶¶ 6 and 7). Continental only has three customers with California billing addresses, none of whom were solicited in California. (Watkins Decl. ¶ 7). The Plaintiff likewise has failed to allege, as she must, that her claims arise out of Continental's activities in California. The Plaintiff is a Virginia resident (Complaint ¶ 16) who ordered Internet service in Virginia, to be provided in Virginia. Continental operates out of Virginia, and outsources all of its dialup services to CoreTel, which likewise operates solely on the East Coast. (Watkins Decl. ¶¶ 5 and 9). Lastly, for the reasons discussed below, the exercise of jurisdiction over Continental would be unreasonable.

**D.     The Exercise Of Jurisdiction Over Continental Would Be Unreasonable**

Even if the Plaintiff could establish that Continental had minimum contacts with California―which she cannot―the Plaintiff also must show that the assertion of personal jurisdiction would be reasonable and "would comport with traditional notions of 'fair play and substantial justice.'" *Unocal, supra*, 248 F.3d at 925 (quoting *Int'l Shoe Co. v. Washington*, *supra*, 326 U.S. at 326). The Plaintiff cannot meet this standard.

The Ninth Circuit has identified seven factors in determining the reasonableness of asserting jurisdiction:

> [a] the extent of the defendant's purposeful interjection into the forum state's affairs; [b] the burden on the defendant of defending in the forum state; [c] the extent of conflict with the sovereignty of the defendant's [home jurisdiction]; [d] the forum state's interest in adjudicating the dispute; [e] the most efficient forum for judicial resolution of the controversy; [f] the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and [g] the existence of an alternative forum.

*Glencore*, *supra*, 284 F.3d at 1125; *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). These factors are balanced to determine whether or not the assertion of jurisdiction would be reasonable. *Id.* at 1488. An examination of these seven factors

DAVIS WRIGHT TREMAINE LLP

demonstrates that the Court's assertion of jurisdiction over Continental would be unreasonable.

    ***1.    Purposeful interjection*** – The Plaintiff cannot demonstrate that Continental "purposefully availed" itself of the privilege of conducting activities within California. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The "smaller the element of purposeful interjection, the less jurisdiction is to be anticipated and the less reasonable its exercise." *Core-Vent*, *supra*, 11 F.3d at 1488 (punctuation omitted). In the context of a tort claim, the "purposeful availment" standard requires a plaintiff to prove that the foreign defendant undertook: "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered – and which the defendant knows is likely to be suffered – in the forum state." *Id.* at 1486 (punctuation omitted). Here, as detailed above, there was no purposeful availment of California by Continental. The Plaintiff is a Virginia resident complaining about Internet service provided in Virginia (Complaint ¶ 16), and Continental never solicited any customers or business in California (Watkins Decl. ¶¶ 6 and 7).

    ***2.    The burden of defending in this forum*** – This factor clearly weighs in Continental's favor. Both the Plaintiff and Continental are located in Virginia (Complaint ¶ 16 and Watkins Decl. ¶ 5). All of the necessary evidence relating to the Plaintiff and Continental is in Virginia. Forcing Continental to defend a class action suit in California based on service provided in Virginia to a Virginia resident creates a significant and unwarranted burden.

    ***3.    The conflict with Virginia's sovereignty*** – To the extent this factor has any relevance, it weighs in Continental's favor. A dispute about services provided in Virginia by a Virginia company to a Virginia resident should be decided in Virginia.

    ***4.    California's interest in resolving this dispute*** - Although California naturally has an interest in protecting its residents, this interest does not extend to non-residents or to conduct that occurred outside California. See *Pac. Atl.*, *supra*, 758 F.2d at 1330. California has no interest in resolving what is quintessentially a Virginia dispute.

    ***5.    The most efficient forum to resolve this dispute*** – Because the "site where the injury occurred and where evidence is located usually will be the most efficient forum," no compelling efficiency would be obtained by this Court's exercise of personal jurisdiction over

1 Continental. *Id.* at 1331. As discussed above, the transactions, activities and alleged injuries took
2 place outside of California, in Virginia. The witnesses whom the parties would call to testify
3 reside outside of California.

4     ***6.    Convenient and effective relief for plaintiffs*** - "Neither the Supreme Court nor [the
5 Ninth Circuit] has given much weight to inconvenience to the plaintiff," because "trying a case
6 where one lives is almost always a plaintiff's preference." *Core-Vent*, *supra*, 11 F.3d at 1490
7 (quoting *Roth v. Garcia Marquez*, 942 F.2d 617, 624 (9th Cir. 1991)). The Ninth Circuit held in
8 *Core-Vent* that "[a] mere preference on the part of the plaintiff for its home forum does not affect
9 the balancing; indeed, this factor is insignificant in this case." *Id.* Here, the Plaintiff is not even a
10 California resident. The Plaintiff has not selected this forum for her own convenience. Pursuit of
11 this action in the forum where the events occurred and the evidence is located would be more
12 convenient.

13     ***7.    Existence of an alternative forum*** – Plaintiffs cannot meet their burden of proving
14 that an alternative forum is unavailable. *Id.* (citing *Pac. Atl.*, *supra*, 758 F.2d at 1331). Virginia is
15 plainly available as an alternative forum.

16 In summary, the balance of these factors demonstrates that the Court's exercise of
17 jurisdiction over Continental would be unreasonable. Therefore, even if the Plaintiff could satisfy
18 the first two prongs of the specific jurisdiction test, exercise of jurisdiction by this Court over
19 Continental would be inappropriate.

## V. CONCLUSION

21 For all of the foregoing reasons, Continental respectfully requests that the Court grant its
22 motion and dismiss this action for lack of personal jurisdiction.

23 DATED: March 30, 2009                    DAVIS WRIGHT TREMAINE LLP

By: /s/
      Joseph E. Addiego III

Attorneys for Defendant
CONTINENTAL VISINET BROADBAND, LLC,
erroneously sued as CONTINENTAL VISINET
BROADBAND, INC.

DAVIS WRIGHT TREMAINE LLP