Schiff Hardin LLP
Rocky N. Unruh, Bar No. 84049
runruh@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Arent Fox LLP
Michael B. Hazzard (*pro hac vice* application to be filed)
hazzard.michael@arentfox.com
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

Attorneys for Defendant
CORE COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN SIMON, individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADZILLA, INC. (NEW MEDIA), a Delaware Corporation; CONDUCIVE CORPORATION, a Delaware Corporation; CONTINENTAL VISINET BROADBAND, INC., a Delaware Corporation; CORE COMMUNICATIONS, INC., d/b/a/ CORETEL COMMUNICATIONS, INC., a Delaware Corporation; and DOES 1-50, Corporations Defendants,<br><br>Defendants. | Case No. C09-00879 MMC<br><br>**DEFENDANT CORE COMMUNICATIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2)**<br><br>Date: July 10, 2009<br>Time: 9:00 a.m.<br>Courtroom: 7, 19th Floor<br>Judge: Hon. Maxine M. Chesney |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CORE COMMUNICATIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 10, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Hon. Maxine M. Chesney, United States District Judge, in Courtroom 7, 19th Floor of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Core Communications, Inc. ("Core") will and hereby does move this Court for an order, pursuant to Fed. R. Civ. Proc. 12(b)(2), dismissing the Complaint for lack of personal jurisdiction over Core. Core's motion is based upon this notice, the following memorandum of points and authorities, the accompanying declaration of Bret L. Mingo, the Complaint, and such additional matters as may be judicially noticed or properly come before this Court prior to or at the hearing of this matter.

Dated: May 29, 2009

SCHIFF HARDIN LLP

ARENT FOX LLP

By: /s/ Rocky N. Unruh
Rocky N. Unruh
Attorneys for Defendant
Core Communications, Inc.

## I. INTRODUCTION

The plaintiff, Susan Simon ("Simon"), is a resident of Virginia. She alleges that a device developed by defendant Adzilla, Inc. ("Adzilla"), called the "Zillicaster," was used to intercept and inspect her internet communications. She claims this infringed her privacy rights in violation of federal and California statutes. She purports to bring this case on behalf of herself and other similarly situated internet users.

Defendant Core Communications, Inc. ("Core") moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2). Core is a competitive local exchange carrier ("CLEC") that provides telecommunications services to internet service providers ("ISPs") on the East Coast. It is incorporated under the laws of the District of Columbia, and has its principal place of business in Annapolis, Maryland. It operates as a CLEC in Maryland and Pennsylvania. Simply put, the plaintiff has not alleged and cannot prove the type of minimum contacts with California that must exist before a nonresident like Core can be sued in a court in this state.

## II. STATEMENT OF FACTS

Core is a District of Columbia corporation headquartered in Annapolis, Maryland. Declaration of Bret L. Mingo ("Mingo Decl.") ¶ 2. Core's business is providing telecommunications services to dial-up ISPs. *Id.* ¶ 3. Core operates its CLEC business in Pennsylvania and Maryland. *Ibid.* Core does not have any connection to California: it does not do any business here; it is not authorized to do business here, it has no customers here; it has no employees here; it does not have a registered agent here; it does not pay taxes here; it does not own or lease property here; it does not advertise here; and it does not have any office, bank account, mailing address or telephone listing here. *Id.* ¶¶ 4-10.

The plaintiff is a Virginia resident. Compl. ¶ 16. She is not a customer of Core's because Core is not an ISP and does not sell internet connection services to end-users like plaintiff. Mingo Decl. ¶ 3. Instead, the plaintiff receives her dial-up internet connection services from defendant Continental Visinet Broadband, Inc. ("Continental"). Compl. ¶ 16. Continental is an

ISP located in Richmond, Virginia.[1] The plaintiff's purported basis for suing Core in California is that Core permitted Adzilla's Zillicaster to be installed on Core's network, and the Zillicaster intercepted plaintiff's internet communications and transmitted them to Adzilla's data analysis center in California. Compl. ¶¶ 20, 73-83. The plaintiff alleges that Adzilla is a Delaware corporation headquartered in California. *Id.* ¶18.

Core had a written agreement with Adzilla for a period of time, which authorized Adzilla to install its equipment on Core's network. Mingo Decl. ¶ 13, Exh. A. That agreement had no connection to California, however. In the agreement, signed in August of 2006, Adzilla is identified as a Canadian corporation headquartered in Vancouver, British Columbia. *Ibid.* The agreement stated it was to be governed by the laws of New York. *Id.* ¶ 14. The only equipment Adzilla installed on Core's network pursuant to the agreement was at network POPs in Philadelphia, Pennsylvania, and Ashburn, Virginia. *Id.* ¶ 15. During the installation and testing of the equipment, Core employees communicated with Adzilla employees in Vancover. *Id.* ¶ 16. To Core's knowledge, its employees did not communicate with any Adzilla employees located in California. *Ibid.* Adzilla's equipment never made it through the testing phase because of on-going interference with Core's network, and it was deactivated in December of 2007.[2] *Ibid.*

## III. ARGUMENT

### A. The Court May Not Properly Exercise Personal Jurisdiction Over Core.

The plaintiffs bear the burden of making a *prima facie* showing of jurisdiction. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *see also Pena v. Valo*, 563 F. Supp. 742, 747 (C.D. Cal. 1983) (plaintiff failed to make a *prima facie* showing that the court had jurisdiction by relying on "the conclusory allegations of his complaint" in response to defendants' affidavits to the contrary). Only uncontroverted "well pled facts," not mere conclusory allegations, in the complaint may be deemed true. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

---

[1] Continental has also filed a Rule 12(b)(2) motion to dismiss, which is currently scheduled for hearing on July 31, 2009.

[2] If, as the plaintiff alleges, Adzilla is now a Delaware corporation headquartered in California, Core believes that change occurred after the Adzilla equipment on Core's network had been deactivated.

- 2 -

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *S.H. Silver Co. Inc. v. David Morris Intern.*, 2008 W.L. 4058364 (N. D. Cal. 2008). California Code of Civil Procedure section 410.10 provides that jurisdiction can be founded "on any basis not inconsistent with the Constitution of this state or of the United States." The jurisdiction of the California courts is therefore "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." *Republic Int'l Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 167 (9th Cir. 1975); *see also Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir. 1974).

The due process clause imposes clear limitations on the exercise of personal jurisdiction:

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. By requiring that individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign, the Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some assurance as to where that conduct will and will not render them liable to suite.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). In evaluating whether the exercise of personal jurisdiction is constitutionally permissible, a court must ask (1) whether the defendant has sufficient "minimum contacts" with the forum and (2) whether, even with those contacts, exercising personal jurisdiction over that defendant comports with "traditional notions of fair play and substantial justice." *Id.* at 476-77; *see also International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A defendant may be subject to personal jurisdiction either under (1) "general" jurisdiction or (2) "limited" or "specific" jurisdiction. *Fields v. Sedgwick Ass. Risks. Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).

If a defendant's contacts with the forum state are "extensive, wide-ranging, continuous or systematic," general personal jurisdiction may be warranted for all cause of action asserted against the defendant regardless of how they arise. *Peterson v. Kennedy*, 771 F.2d 1244, 1264 (9th Cir. 1985).

- 3 -

If the nonresident's contacts are less extensive, it may still be subject to "limited" or "specific" personal jurisdiction if the litigation arises out of the defendant's activities within the forum state. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957); *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).

The Court does not have jurisdiction over Core under either theory.

### 1. The Court Does Not Have "General" Jurisdiction Over Core.

A court may exercise "general" jurisdiction over a defendant – that is, jurisdiction in all cases without regard to whether a claim is sufficiently connected to the defendant's contacts with the forum state – only if the plaintiff demonstrates that the defendant's contacts with the forum state are "substantial" or "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *see also Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) (citation omitted) ("in a controversy unrelated to a defendant's contacts with the forum, a court may exercise general jurisdiction only where continuous corporate operations within a state are thought so substantial and of such a nature as to justify suit against the defendant on causes of action arising from dealings entirely distinct from those activities").

"The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted). Clearly, Core does not satisfy this standard, and the plaintiff has not so alleged.

### B. The Court Does Not Have "Specific" Jurisdiction Over Core.

There is a three-part test for determining whether a court may exercise specific jurisdiction over a nonresident defendant:

> "(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the [forum state's] benefits and privileges; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) [the] exercise of jurisdiction must be reasonable."

*Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v.*

- 4 -

*Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 270 (9th Cir. 1995).

### 1. Core Has Not Purposefully Availed Itself of Any Benefits And Privileges in California.

The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction as a result of random, fortuitous or attenuated contacts, or based on the unilateral activity of another party or a third person. *Burger King*, 417 U.S. at 475. In order to show purposeful availment, the plaintiff must satisfy the "effects test" articulated in *Calder v. Jones*, 465 U.S. 783, 789 (1984). "To meet the effects test, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Bancroft & Masters, supra*, 223 F.3d at 1087. The effects test does not mean, however, that a "foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction." *Id.* Instead, "something more" is required — namely, that the defendant has "expressly aimed" its wrongful conduct at the forum state, "target[ing] a plaintiff whom the defendant knows to be a resident of the forum state." *Id.* The plaintiff cannot meet these requirements.

First, Core has not "expressly aimed" any activity at California. Core operates as a CLEC in Pennsylvania and Maryland. It entered into an agreement with a Canadian company, Adzilla. Pursuant to the agreement, Adzilla installed equipment at Core's network POPs in Pennsylvania and Virginia. Even assuming, as the plaintiff alleges, that Adzilla's equipment intercepted her internet communications emanating from her residence in Virginia, and transmitted those communications to Adzilla's data analysis center in California, that activity does not amount to purposeful availment by Core, because it was not Core that undertook that activity.

Second, nothing that Core did targeted residents in California, nor did the plaintiff suffer any harm here. The plaintiff is a resident of Virginia. Any harm she suffered by an alleged invasion of her privacy would have occurred where she resides, not in California. *E.g., Pearce v. E.F. Hutton Group, Inc.*, 664 F. Supp. 1490, 1499 (D.D.C. 1987) ("Clearly, an injury…can only occur where the plaintiff is located at the time of the impact of the privacy invasion.").

### 2. Exercising Personal Jurisdiction over Core Also Would Be Unreasonable.

The Court is to look to seven factors in assessing the reasonableness of jurisdiction: "(1) the extent of the defendant's purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Dole Food Company v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002). Each factor supports a finding that personal jurisdiction over Core would be unreasonable here.

a. <u>Purposeful injection</u>. This Circuit recognizes that "the smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993) (quotation marks omitted). As explained above, Core has taken no action to inject itself into California. If any of the plaintiff's internet communications were transmitted to California, that was done by Adzilla, not Core.

b. <u>Burden on the Defendants</u>. While the factor is not dispositive, it is typical for a court to "examine the burden on the defendant in light of the corresponding burden on the plaintiff." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1998) (quotation marks omitted). When it is equally difficult for the defendant to come to the plaintiff's forum as it is for the plaintiff to come to the defendant's, this factor is neutral. Here, however, neither the plaintiff nor the defendant is from California; neither side benefits from a California forum. Moreover, the burden of litigating in California is substantial for Core. Because the events at issue took place outside of California, all of Core's evidence – its witnesses and records –are located on the East Coast. This is an unnecessary burden given that the plaintiff also resides on the East Coast, and purchased her internet connection services from a Virginia ISP.

c. <u>Conflict with Other States</u>. Given California's minimal connection to this suit, it would be inappropriate for it to serve as the forum. The plaintiffs' claims involve

- 6 -

non-California conduct against non-Californians, and as the Supreme Court has put it, "a State may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors' lawful conduct in other States." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 572 (1996). To the extent that the plaintiff's rights are in need of vindication, that is the sole concern of the jurisdictions in which she lives. *Edgar v. MITE Corp.*, 457 U.S. 624, 644 (1982) (recognizing that a state "has no legitimate interest in protecting nonresident shareholders"). It is not for California to dictate to other states whether, and how, they should regulate the provision of internet access.

    d. <u>California's Interest in Adjudicating Dispute</u>. While California would have an interest "in providing a forum for its residents and citizens who are tortiously injured," *Dole Food*, 303 F.3d at 1115-16, that is of no bearing here because the plaintiff is not a California resident.

    e. <u>Efficient Resolution</u>. It would be not be efficient to litigate and try this case in California. There are four named defendants, one named plaintiff, and presumably hundreds of putative class members. At most, only one, Adzilla, is a California resident, and it may not have been a resident at the time the activity complained of took place. Even a settlement could be difficult to negotiate efficiently in California given the Class Action Fairness Act's requirement of a fairness hearing. 28 U.S.C. § 1712(e). Unnamed class members would be required to come to California to challenge any settlement instead of being able to litigate in (or closer to) their home jurisdictions.

    f. <u>Importance to Plaintiffs</u>. The plaintiff has no interest in having this suit heard in California because she does not reside here. It would be far more convenient for plaintiff to litigate in her home forum, which is also the site of her alleged injury.

    g. <u>Alternative Forum</u>. "The plaintiff bears the burden of proving the unavailability of an alternative forum." *Core-Vent, supra*, 11 F.3d at 1490. Here, the plaintiff cannot prove she lacks an alternative forum in which to pursue her claims.

## IV.  CONCLUSION

    The plaintiff has no basis for suing Core in California. Core is not a resident of the state,

- 7 -

does not do business here, and has not purposefully availed itself of any benefits or privileges here. Under the circumstances presented, the exercise of personal jurisdiction over Core would offend traditional notions of fair play and substantial justice. Core's Rule 12(b)(2) motion to dismiss should be granted.

Respectfully submitted,

Dated: May 29, 2009

SCHIFF HARDIN LLP

ARENT FOX LLP


By: /s/ Rocky N. Unruh
Rocky N. Unruh
Attorneys for Defendant
Core Communications, Inc.

SF\9375885.1