| | |
|---|---|
| 1 | Alan Himmelfarb - SBN 90480 |
| 2 | KAMBEREDELSON, LLC |
|   | 2757 Leonis Boulevard |
| 3 | Vernon, California 90058 |
|   | Telephone: (323) 585-8696 |
| 4 | |
|   | Joseph H. Malley - TX SBN: 12865900 |
| 5 | LAW OFFICE OF JOSEPH H. MALLEY, P.C. |
|   | 1045 North Zang Boulevard |
| 6 | Dallas, Texas 75208 |
|   | Ph. (214) 943-6100 |
| 7 | Fax (214) 943-6170 |
| 8 | *Counsel for Plaintiff* |

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
SAN FRANCISCO DIVISION**

| | |
|---|---|
| SUSAN SIMON, individual, on behalf of herself and all others similarly situated, | CASE NO. 3:09-cv-00879-MMC |
| Plaintiff, | |
| v. | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| ADZILLA, INC. [NEW MEDIA], a Delaware Corporation; CONDUCIVE CORPORATION, a Delaware Corporation; CONTINENTAL VISINET BROADBAND, INC., a Delaware Corporation; CORE COMMUNICATIONS, INC., d/b/a CORETEL COMMUNICATIONS, INC., a Delaware Corporation; AND JOHN DOES 1-50, Corporations Defendants, | Initial Case Management Conference: |
| | Judge: Hon. Maxine M. Chesney |
| | Date: June 12, 2009 |
| | Time: 10:30 a.m. |
| Defendants. | |

1135861 v1/SF

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

# JOINT REPORT OF THE PARTIES' PLANNING MEETING AND JOINT CASE MANAGEMENT STATEMENT

Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held on May 21, 2009, and was telephonically attended by:

- Scott A. Kamber and Michael Aschenbrener of KamberEdelson on behalf of Plaintiff;
- Beatriz Mejia of Cooley Godward Kronish on behalf of Adzilla, Inc. (identified in the complaint as Adzilla [New Media], Inc.);
- Rocky Unruh of Schiff Hardin on behalf of Core Communications, Inc.

In accordance with this Court's standing order, and Local Rule 16-9, the parties report as follows:

**1.      Jurisdiction and Service:**

All named parties named in the action have been served.

Defendant Core Communications, Inc. has filed a motion to dismiss for lack of personal jurisdiction, which is noticed for hearing on July 10, 2009.

Defendant Continental VisiNet Broadband, Inc., has filed a motion to dismiss for lack of personal jurisdiction which is scheduled for hearing on July 31, 2009. Plaintiff states that it is likely that an agreement for the dismissal without prejudice of Continental VisiNet will be reached prior to that time.

Plaintiff has dismissed Defendant Conducive Corporation without prejudice and subject to a tolling agreement.

Defendant Adzilla's response to the Complaint is due June 15, 2009, pursuant to a stipulation entered between Plaintiff and Adzilla.

**2.     Facts and Contentions of the Parties:**

Defendant Adzilla, Inc. (hereinafter "Adzilla"), was a California-based online advertising company, and was a subsidiary of Defendant Conducive Corporation (hereinafter "Conducive"). Defendant Continental VisiNet Broadband, LLC (hereinafter "Continental"), is an Internet Service Provider (hereinafter "ISP") registered in Delaware and headquartered in Virginia. Defendant Core Communications, Inc. (hereinafter "Core Communications"), is a Competitive Local Exchange Carrier (hereinafter "CLEC").  Plaintiff is a citizen of Virginia.

Plaintiff alleges that Defendants engaged in the interception, copying, transmission, collection, storage, usage, and altering of personal, private data of the class members.

Defendant Core alleges that Defendant Core is not a resident of California, and that plaintiff has not alleged and cannot prove any basis for the Court to exercise personal jurisdiction over Core.

Defendant Adzilla denies that it engaged in the interception, copying, transmission, collection, storage, usage, or altering of personal, private data of any individual or entity. Defendant Adzilla further states that the alleged "Deep Packet Inspection" products referenced in the Complaint were never activated, and no consumer data was collected, such that Adzilla cannot be held liable for the claims asserted by Plaintiff.

**3.     Legal Issues:**

The parties agree that the issue of whether or not any class may be properly certified under the requirements of Rule 23(b) is one of the primary issues in this case, and that other issues include:

- Whether the Continental VisiNet, which is not headquartered in the state of California and provides internet services to subscribers in states other than California, can be subject to California law with respect to the conduct complained of in the Complaint (which Plaintiff allege occurred primarily in California);
- Whether the Court can exercise personal jurisdiction over Defendant Core Communications, Inc.;
- Whether plaintiff Simon, a resident of Virginia, has standing to bring claims under California' Invasion of Privacy Act and Computer Crime Law;
- Whether the federal claims in Plaintiff's Complaint can be applied to the Defendants;
- Whether Adzilla and/or Continental VisiNet and Core owed the ISP subscribers a duty to disclose the fact and nature of the DPI, if any, conducted by the Adzilla device with respect to their internet communications;
- Whether consumers consented to DPI, if any, of their internet communications;
- Whether conduct complained of constitutes a violation of the federal Electronic Communications Privacy Act ("ECPA") and the Computer Fraud and Abuse Act ("CFAA"), and state law claims pursuant to the California Invasion of Privacy Act ("CIPA") and California Computer Crime Law ("CCCL"), both as to Adzilla, and separately, as to Continental VisiNet and Core; and
- The appropriate remedies if the conduct alleged in the Complaint supports liability under any of the claims in the Complaint, including the propriety of any monetary and or injunctive relief requested by Plaintiff.

**4. Motions:**

[see above at Section 1].

**5. Amendment of Pleadings:**

Plaintiff believes that there exist a number of unidentified ISPs that also implemented the Adzilla Deep-Packet Inspection technology directed to their subscriber base at some time during the Class Period. Plaintiff plans to serve discovery against Adzilla to ascertain the identity of these additional ISP defendants who are presently identified as DOE defendants in the operative complaint. Responsive discovery will likely result in Plaintiff seeking leave to file an amended pleading to name additional parties that may be identified.

**6. Evidence Preservation:**

The parties each represent that they are complying in good faith with their obligations to preserve potentially relevant documents. Plaintiff believes that more specific discussions about the scope of document preservation activity, including electronic discovery, record management and destruction practices and any related instructions or correspondence with potential or actual custodians can be deferred until the parties' anticipated meeting regarding this matter. Defendants believe that it is premature to conduct a meeting regarding this preservation matter until the Court has ruled on the pending motions to dismiss.

Defendant Adzilla is complying with its preservation obligations, but notes that it ceased all California business operations in October, 2008, prior to the filing of the Complaint. In connection with the winding down of its operations, Adzilla sold almost all of its assets, including computer equipment, computer servers, and databases. Accordingly, Adzilla possesses only a small number of documents relevant to this dispute.

**7. Disclosures:**

Initial disclosures, per rule Rule 26(a)(1)(C), are due on June 5, 2009. Plaintiff has served initial disclosures. Defendant Core is contesting personal jurisdiction and objects to undertaking its initial disclosure until the Court has ruled on its motion to dismiss. Defendant Adzilla

maintains that a protective order should be agreed to among the parties and entered by the Court prior to the production or exchange of any documents. Adzilla and plaintiff are discussing the possibility of using this Court's form protective order pending further agreement among the parties.

**8.** **Discovery:**

 **a.** **Discovery Taken to Date**. No discovery has yet been served.

 **b.** **The Scope of Anticipated Discovery**. The Parties anticipate depositions, interrogatories, document requests, and other fact and expert discovery available under the FRCP and Local Rules.

 **c.** **Proposed Limitations or Modifications to the Discovery Rules.** At the present time, the Parties do not anticipate limitations or modifications to the discovery rules.

 **d.** **Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f).** The Parties have not yet agreed on the general parameters of a discovery plan, as the outcome of any motions to dismiss may alter the scope of these proceedings.

**9.** **Class Actions:**

Plaintiff provides the following class action information pursuant to L.R. 16-9(b):

 **a.** This action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b)(1) (b)(2) and (b)(3).

 **b.** The action is brought on behalf of the following Class initially defined as:

> A) All AAISP Subscribers whose internet communications were monitored, intercepted, accessed, copied, transmitted, altered and/or used at any time by or through an Adzilla device.
>
> and:

B) All AACLEC end-users whose internet communications were monitored, intercepted, accessed, copied, transmitted, altered and/or used at any time by or through an Adzilla device.

Additionally and/or alternatively, Plaintiff bring this Complaint on behalf of herself and the following subclasses:

i) All Core Communications, Inc. end-users whose internet communications were monitored, intercepted, accessed, copied, transmitted, altered and/or used at any time by or through an Adzilla device.

ii) All Continental VisiNet Broadband, Inc, subscribers whose internet communications were monitored, intercepted, accessed, copied, transmitted, altered and/or used at any time by or through an Adzilla device.

iii) All Doe AACLEC end-users whose internet communications were monitored, intercepted, accessed, copied, transmitted, altered and/or used at any time by or through an Adzilla device.

iv) All Doe AAISP subscribers whose internet communications were monitored, intercepted, accessed, copied, transmitted, altered and/or used
- at any time by or through an Adzilla device.

**c.** The following facts alleged in the Complaint demonstrate that this action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b):

**Numerosity** – While the precise number of Class members is unknown to Plaintiff at this time, Plaintiff estimates that the Class consists of tens of thousands of members.

**Common Questions –** There are numerous common questions of fact and law. The principal factual issues in dispute (Section 2 above) and points of law (Section 3 above) are common to all Class members, and predominate over any questions affecting Plaintiff or other individual members of the Class.

**Typicality** – Plaintiff's claims are typical of those of the Class. Plaintiff and all Class members were subscribers of ISPs at the times in which and in the locations in which Continental VisiNet and/or Core activated the Adzilla device that intercepted their internet communications.

**Adequacy** – Plaintiff has no interests adverse or antagonistic to those of the Class and have retained competent and experienced class counsel to prosecute the action.

**Superiority** – A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

Additionally, the Class may be certified because:

- the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Adzilla, Continental VisiNet, and Core;

- the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

- Adzilla, Continental VisiNet, and Core have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

**d.** Barring substantial delays caused by discovery disputes Plaintiff anticipates bringing their motion for class certification 120 days after the close of discovery.

Defendants contend that class certification is not appropriate for multiple reasons, including without limitation:

**a.** The statutory damages sought by the class are disproportionate to any possible harm suffered, especially in light of the fact that no consumer data was ever collected, accessed, or maintained by defendants.

**b.** The proposed class members are citizens of states other than California and lack standing to maintain the claims alleged in the Complaint.

**c.** Injunctive relief is not an available or necessary remedy here in light of the cessation of Adzilla's business operations.

**10.** **Related Cases:**

There are no known related cases. Core's motion to relate this case to *Valentine v. NebuAd*, No. 08-cv-5113, pending before Judge Henderson in the Northern District of California, was denied.

**11.** **Relief:**

Plaintiff seeks:

- An order certifying the Class, directing that this case proceed as a class action, and appointing Plaintiff and her counsel to represent Plaintiff and the Class;

- Judgment in favor of Plaintiff enjoining Defendants from engaging in DPI inspection of their subscribers internet communications;

- Judgment in favor of Plaintiff requiring Defendants to cleanse all systems of all data obtained through the Adzilla device and enjoin any party or third party from any use of said data;

- Judgment in favor of Plaintiff and Class members in an amount of actual damages, compensatory damages, or restitution to be determined at trial;

- Judgment in favor of Plaintiff and Class members for statutory damages in an amount to be determined at trial;

- An order granting reasonable attorneys' fees and costs, as well as pre- and post-judgment interest at the maximum legal rate; and

- Such other and further relief as this Court may deem appropriate.

Defendants deny that any such relief is appropriate, due, either entirely or in part, to the fact that no consumer data was ever collected or accessed and Plaintiff and the putative class members have suffered no cognizable injury.

**12.** **Settlement and ADR:**

The parties could not agree on a method of ADR and are participating in a Court conference on ADR on June 8, 2009.

**13.** **Consent to Magistrate Judge For All Purposes:**

The parties do not consent to have a magistrate judge conduct all further proceedings.

**14.     Other References:**

At this time, the Parties not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues:**

The parties do not believe that the issues can be narrowed at this time. After a ruling on the anticipated motion to dismiss and appropriate discovery the parties are willing to further meet and confer regarding whether any narrowing of the factual or legal issues, including issues related to class certification, can be achieved by way of voluntary agreement.

**16.     Expedited Schedule:**

The parties do not believe this case should be expedited at this point.

**17.     Scheduling:**

No discovery has been taken by or against defendants to date.

**18.     Trial:**

Plaintiff has demanded a jury trial and estimates that a trial would take 10 days. The defendants believe that it is premature to estimate the length of trial and that it is premature to schedule a trial date until the Court rules on any motions to dismiss and whether the class should be certified. After the Court has ruled on certification, the parties will reconvene and jointly submit a proposed trial date and estimated trial length.

**19.** **Disclosure of Non-party Interested Entities or Persons:**

Continental VisiNet has filed their respective "Certification of Interested Entities or Persons," and Adzilla will be filing its certification shortly. Plaintiff did not disclose any persons or entities other than Plaintiff and Defendant.

Dated: June 5, 2009  By: ___/s/_____
　　　　　　　　　　　　　　Alan Himmelfarb
　　　　　　　　　　　　　　KAMBEREDELSON, LLC
　　　　　　　　　　　　　　Attorney for Plaintiff

Dated: June 5, 2009  By: ___/s/_____
　　　　　　　　　　　　　　Beatriz Mejia
　　　　　　　　　　　　　　COOLEY GODWARD KRONISH LLP
　　　　　　　　　　　　　　Attorney for Adzilla, Inc.

Dated: June 5, 2009  By: ___/s/_____
　　　　　　　　　　　　　　Rocky N. Unruh
　　　　　　　　　　　　　　SCHIFF HARDIN LLP
　　　　　　　　　　　　　　Attorney for Core Communications, Inc.