Alan Himmelfarb- SBN 90480
Michael J. Aschenbrener (*admitted pro hac vice*)
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Los Angeles, California 90058
t: 323.585.8696
f: 323.585.6195
ahimmelfarb@kamberedelson.com

Joseph H. Malley (*admitted pro hac vice*)
LAW OFFICE OF JOSEPH H. MALLEY
1045 North Zang Boulevard
Dallas, Texas 75208
Ph. (214) 943-6100
Fax (214) 943-6170

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN SIMON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ADZILLA, INC. (NEW MEDIA), a Delaware corporation; CONDUCIVE CORPORATION, a Delaware Corporation; CONTINENTAL VISINET BROADBAND, INC., a Delaware Corporation; CORE COMMUNICATIONS, INC. d/b/a CORETEL COMMUNICATIONS, INC., a Delaware Corporation; and DOES 1-50, Corporations Defendants,<br><br>Defendants. | Case No.: 09-cv-879 MMC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT CORE COMMUNICATIONS, INC.'S MOTION TO DISMISS**<br><br>Date:       July 10, 2009<br>Time:       9:00 a.m.<br>Courtroom: 7, 19th Floor<br>Judge:      Hon. Maxine M. Chesney |

PLAINTIFF'S RESPONSE TO DEFENDANT CORE COMMUNICATIONS, INC.'S MOTION TO DISMISS     1     Case No. 3:09-cv-879 MMC

# INTRODUCTION

Defendant Adzilla, Inc. (New Media) ("Adzilla") partnered with the defendant Core Communications, Inc. ("CoreTel"), among others, to engage in a practice known as "Deep Packet Inspection," ("DPI") which allowed the defendants to intentionally intercept the private communications of thousands of internet users without the users' knowledge or consent. Defendants did this because they were able to monetize the personal information gathered in this process by using it for so-called "behavioral advertising."

Plaintiff filed this suit (Dkt. 1) on behalf of herself and several putative classes on February 27, 2009 against Adzilla, CoreTel, and several other entities. Core timely moved to dismiss the Complaint on May 29, 2009. (Dkt. 32).

CoreTel moves to dismiss under FED. R. CIV. P. 12(b)(2), arguing that this Court lacks personal jurisdiction over it because it claims it does not conduct any business in California and because its DPI partner, Adzilla, was based in and run out of Canada, not California. In so doing, CoreTel introduced new issues of fact that fall outside the allegations of the complaint that bear on the matter of personal jurisdiction. Accordingly, Plaintiff needs to investigate these facts in order to respond properly to CoreTel's motion to dismiss.

# STATEMENT OF FACTS

This case concerns the unauthorized interception of electronic communications transmitted over the internet. (Compl. ¶ 1). Adzilla contracted with CoreTel and others to install hardware directly into the networks of defendant internet service providers ("ISPs") (Compl. ¶¶ 31-32) and competitive local exchange carriers ("CLECs") (Compl. ¶¶ 33-35) that capture all data transmitted through these entities. (Compl. ¶ 25). Among these entities is defendant CoreTel, a CLEC. (Compl. ¶¶ 20, 35).

By working together, Adzilla and CoreTel were able to collect vast quantities of information about the ISP customers that connect to the internet via CoreTel. (Compl. ¶¶ 51, 57). In fact, Defendants were able to track every online move made by the ISP customers, including the web pages visited, log-ins and passwords at banking sites, and the content of emails sent and

received. (*see* Compl. ¶¶ 51, 88). Defendants then transmitted all of the data they silently collected to Adzilla's data center in California. (Compl. ¶ 73) where Adzilla analyzed this very valuable information to place so-called "behavioral advertisements." (Compl. ¶ 75). All of this was done in California and without the informed consent of the affected web users. (Compl. ¶¶ 81, 82, 84-87). Defendants were then able to use this very valuable information for so-called "behavioral advertising." (Compl. ¶¶ 45-47, 78). Adzilla and its ISP and CLEC partners shared in the revenue generated from these acts. (Compl. ¶ 83).

## STANDARD OF DECISION

CoreTel moves to dismiss under FED. R. CIV. P. 12(b)(2).

Plaintiff carries the burden of establishing jurisdiction. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). The non-moving party may not rest on the allegations in the complaint; instead, the non-moving party must produce specific facts demonstrating that the court possesses jurisdiction. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1284-85 (9th Cir. 1977). The court may consider evidence presented in affidavits and other relevant materials to assist it in determining jurisdiction, and may order discovery on the jurisdictional issue. *Id.*; *Skidmore v. Syntex Labs, Inc.*, 529 F.2d 1244 (5th Cir. 1976).

## ARGUMENT

Because CoreTel has raised the issue of personal jurisdiction, Plaintiff must provide facts beyond the Complaint's allegations to demonstrate that the Court possesses personal jurisdiction over CoreTel. *Data Disc,* 557 F.2d at 1284-85. For this reason, and because CoreTel has introduced new facts outside the Complaint's allegations by way of declarations attached to its motion to dismiss, Plaintiff is unable to respond at this time to CoreTel's motion to dismiss. Instead, Plaintiff needs to conduct limited jurisdictional discovery so that she can provide to the Court the necessary jurisdictional facts. For this reason, Plaintiff filed a Motion for Leave to Conduct Jurisdictional Discovery on June 19, 2009. (Dkt. 43). After Plaintiff conducts

PLAINTIFF'S RESPONSE TO DEFENDANT CORE COMMUNICATIONS, INC.'S MOTION TO DISMISS        3        Case No. 3:09-cv-879 MMC

jurisdictional discovery, she will be able to respond to the pending CoreTel motion to dismiss in the manner required by applicable law.

## CONCLUSION

Plaintiff requires leave to conduct jurisdictional discovery in order to respond properly to CoreTel's motion to dismiss. Accordingly, Plaintiffs request that CoreTel's motion to dismiss be denied without prejudice, or alternatively, be stayed pending jurisdictional discovery.

Dated: June 19, 2009                          KAMBEREDELSON, LLC

                                                                 By: _s/ Michael J. Aschenbrener__
                                                                       Michael J. Aschenbrener

                                                                    Attorney for Plaintiffs

**PROOF OF SERVICE**

The undersigned certifies that, on June 19, 2009, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party, listed below:

Joseph Edward Addiego, III
Michael J. Aschenbrener
Gavin Lewis Charlston
Alan Himmelfarb
Joseph H Malley
Beatriz Mejia
Owen J. Rescher
Rocky N. Unruh

                                          s/ Michael J. Aschenbrener
                                          Michael J. Aschenbrener

PLAINTIFF'S RESPONSE TO DEFENDANT CORE COMMUNICATIONS, INC.'S MOTION TO DISMISS     5     Case No. 3:09-cv-879 MMC

Alan Himmelfarb- SBN 90480
Michael J. Aschenbrener (*admitted pro hac vice*)
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Los Angeles, California 90058
t: 323.585.8696
f: 323.585.6195
ahimmelfarb@kamberedelson.com

Joseph H. Malley (*admitted pro hac vice*)
LAW OFFICE OF JOSEPH H. MALLEY
1045 North Zang Boulevard
Dallas, Texas 75208
Ph. (214) 943-6100
Fax (214) 943-6170

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN SIMON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ADZILLA, INC. (NEW MEDIA), a Delaware corporation; CONDUCIVE CORPORATION, a Delaware Corporation; CONTINENTAL VISINET BROADBAND, INC., a Delaware Corporation; CORE COMMUNICATIONS, INC. d/b/a CORETEL COMMUNICATIONS, INC., a Delaware Corporation; and DOES 1-50, Corporations Defendants,<br><br>Defendants. | Case No.: 09-cv-879 MMC<br><br>**[PROPOSED] ORDER DENYING DEFENDANT CORE COMMUNICATIONS, INC'S MOTION TO DISMISS**<br><br>Date: July 10, 2009<br>Time: 9:00 a.m.<br>Courtroom: 7, 19th Floor<br>Judge: Hon. Maxine M. Chesney |

[PROPOSED] ORDER DENYING DEFENDANT CORE COMMUNICATIONS, INC'S MOTION TO DISMISS      Case No. 09-cv-879 MMC

On February 27, 2009, Plaintiff filed the present class action complaint alleging violations of the federal Electronic Communications Privacy Act ("ECPA") and Computer Fraud and Abuse Act ("CFAA"), as well as state law claims under the California Invasion of Privacy Act ("CIPA") and California Computer Crime Law ("CCCL"), among other claims against Adzilla, Inc. (New Media), Conducive Corp., Continental Visinet Broadband, Inc., and Core Communications, Inc. d/b/a CoreTel Communications, Inc.

Defendant CoreTel filed a motion to dismiss for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2).

For the following reasons, the Court denies CoreTel's motion to dismiss without prejudice.

Plaintiff carries the burden of establishing jurisdiction. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Plaintiff may not rest on the allegations in her complaint; instead, she must produce specific facts demonstrating that the court possesses jurisdiction over CoreTel. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1284-85 (9th Cir. 1977). The court may consider evidence presented in affidavits and other relevant materials to assist it in determining jurisdiction, and may order discovery on the jurisdictional issue. *Id.*; *Skidmore v. Syntex Labs, Inc.*, 529 F.2d 1244 (5th Cir. 1976).

Because Plaintiff must provide facts beyond those alleged in her complaint, Plaintiff must be afforded the right to conduct limited jurisdictional discovery. Accordingly, the CoreTel motion to dismiss is hereby dismissed without prejudice and Plaintiff is granted leave to conduct jurisdictional discovery.

DATED: _____

By: _____
Hon. Maxine M. Chesney
United States District Court

[PROPOSED] ORDER DENYING DEFENDANT CORE COMMUNICATIONS, INC'S MOTION TO DISMISS      1      Case No. 09-cv-879 MMC