Schiff Hardin LLP
Rocky N. Unruh, Bar No. 84049
runruh@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:   (415) 901-8700
Facsimile:   (415) 901-8701

Arent Fox LLP
Michael B. Hazzard (*pro hac vice* application to be filed)
hazzard.michael@arentfox.com
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Telephone:   (202) 857-6000
Facsimile:   (202) 857-6395

Attorneys for Defendant
CORE COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN SIMON, individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADZILLA, INC. (NEW MEDIA), a Delaware Corporation; CONDUCIVE CORPORATION, a Delaware Corporation; CONTINENTAL VISINET BROADBAND, INC., a Delaware Corporation; CORE COMMUNICATIONS, INC., d/b/a/ CORETEL COMMUNICATIONS, INC., a Delaware Corporation; and DOES 1-50, Corporations Defendants,<br><br>Defendants. | Case No.  C09-00879 MMC<br><br>**DEFENDANT CORE COMMUNICATIONS, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**<br><br>Date:           July 10, 2009<br>Time:          9:00 a.m.<br>Courtroom:  7, 19th Floor<br>Judge:         Hon. Maxine M. Chesney |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CORE COMMUNICATIONS, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

CASE NO. C09-00879 MMC

Dockets.Justia.com

I. **INTRODUCTION**

The plaintiff did not file an opposition to defendant Core Communications, Inc.'s ("Core's") motion to dismiss for lack of personal jurisdiction. Instead, the plaintiff claims she needs discovery with respect to "new issues of fact" raised by Core in its motion to dismiss "that fall outside the allegations of the complaint that bear on the matter of personal jurisdiction." Plaintiff's Response to Defendant Core Communications, Inc.'s Motion to Dismiss ("Pltf's Resp"), at 2:14-15. Contemporaneous with this response, the plaintiff filed a motion for leave to conduct jurisdictional discovery, which she scheduled for hearing on July 31, 2009—three weeks after the scheduled hearing on Core's motion to dismiss. Docket #43.

There is no need to delay any further the dismissal of Core from this case. The plaintiff has submitted no evidence to controvert the jurisdictional facts proffered by Core, and the discovery she purports to seek would not yield facts sufficient to establish a basis for personal jurisdiction over Core. Under these circumstances, the plaintiff's effort to delay the hearing on Core's motion should be rejected, and Core's motion to dismiss for lack of personal jurisdiction should be granted.

II. **ARGUMENT**

   A. **Jurisdictional Discovery Should Be Denied When Jurisdictional Facts Are Not Disputed And The Proposed Discovery Will Not Yield Facts Sufficient to Establish Jurisdiction.**

In another case before this Court, Magistrate Judge Chen, in denying a motion for jurisdictional discovery in the face of a pending Rule 12(b)(2) motion to dismiss, summarized the applicable legal standards:

> "A district court is vested with broad discretion to permit or deny [jurisdictional] discovery." *Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003). Jurisdictional discovery should ordinarily be granted where jurisdictional facts are contested or more facts are needed. *See id.*; *see also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (stating that discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary") (internal quotation marks omitted). *See, e.g., In re Dynamic Random Access Memory*

- 2 -

*Antitrust Litig.*, 2005-2 Trade Cases (CCH) 75, 013 (N.D. Cal. Nov. 7, 2005) (denying jurisdictional discovery because "plaintiffs have made no showing that any sworn testimony by defendants is disputed, and have not pointed to any facts that, if shown, would warrant the exercise of personal jurisdiction").

However, "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, [a] [c]ourt need not permit even limited discovery . . . ." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (internal quotation marks omitted). In addition, a court may deny discovery where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction. *Laub*, 342 F.3d at 1093 (internal quotation marks omitted). *See, e.g., Pebble Beach*, 453.F.3d at 1160 (concluding that additional discovery would not be helpful because, as a matter of law, "a passive website and domain name are an insufficient basis for asserting personal jurisdiction" and defendant's website was a passive website).

*MMCA Group, Ltd. v. Hewlett-Packard Co.,* No. C-06-7067 MMC (EAC), 2007 WL 1342586, * 4 (N.D.Cal. May 8, 2007).

### B. The Plaintiff Does Not Dispute The Jurisdictional Facts Proffered By Core.

The plaintiff has not put forward any evidence to controvert the jurisdictional facts proffered by Core in support of its motion. Those facts are that:

- Core is incorporated in the District of Columbia and has its principal place of business in Annapolis, Maryland;

- Core operates as a CLEC in Pennsylvania and Maryland, providing telecommunications services to dial-up Internet Service Providers ("ISPs");

- Core is not authorized to do business in California and has not conducted any business here;

- Core does not have any customers in California and has never advertised its business here;

- Core's contract with defendant Adzilla, Inc. identified Adzilla as a Canadian corporation headquartered in Vancouver;

- There is nothing in the Adzilla contract that indicates performance of the contract was to occur in California;

- 3 -

- The contract authorized Adzilla to install equipment on Core's network, which Adzilla did in or about March of 2007;

- The only equipment Adzilla installed was at Core's network POPs in Pennsylvania and Virginia;

- To Core's knowledge, it never communicated with any Adzilla employee located in California; and

- Adzilla's equipment never made it through the testing phase, and its equipment was deactivated in December of 2007.

See Declaration of Bret L. Mingo in Support of Core's Motion to Dismiss ("Mingo Decl.") at ¶¶ 3-16 and Ex. A.

None of these undisputed facts suggests that Core has any connection to California. Nor does plaintiff have any connection to California, as she resides in Virginia and purchases her internet connection from a Virginia ISP.  Complaint at ¶ 16.

C. **The Discovery That Plaintiff Claims She Needs Will Not Yield Facts Sufficient To Establish Jurisdiction Over Core.**

In her motion for leave to conduct discovery, the plaintiff claims she needs discovery concerning (a) "whether Adzilla was operating in California during the time of its cooperation with CoreTel"[1]; (b) "the location of Adzilla's servers during the relevant time period,"; (c) "the location of Adzilla's advertising operations during the relevant time period,"; and (d) "whether and how much [Core] Internet traffic was routed into and out of California."  Plaintiff's Memorandum of Points and Authorities in Support of Motion for Leave to Conduct Jurisdictional Discovery ("Pltf's Mem.") at 7:28-8:4.  The plaintiff claims this discovery will show that Core "purposefully availed itself of California law," because it will "reveal the extent of [Core's] contractually obligated contacts with California." Pltf's Mem. at 8:10-12.  Citing the Ninth Circuit's decision in *Yahoo! Inc. v. La Ligue Contre le Racisme,* 433 F.3d 1199, 1206 (9th Cir. 2006), the plaintiff notes that in contract cases, a court "typically inquire[s] whether a defendant purposefully avails

---

[1] The plaintiff continues to refer to Core as "CoreTel," even though that is not its d/b/a but the name of its parent entity.  Mingo Decl. at ¶ 2.

- 4 -

DEFENDANT CORE COMMUNICATIONS, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO DISMISS                                                                        CASE NO. C09-00879 MMC

itself of the privilege of conducting activities or consummates a transaction in the forum, focusing on activities such as delivering goods or executing a contract." Pltf's Mem. at 8:12-15.

The plaintiff's argument misses the mark, however, because this is *not* a contract case, but one sounding in tort. But even if it were a contract case, the plaintiff's proposed discovery would not show that Core consummated a transaction in California, or that it executed or performed a contract here, or that it delivered any goods here. The fact that internet traffic destined for a site located in California may have initially begun through an ISP connected to Core's network on the East Coast is not the equivalent of a defendant delivering its own goods to a customer in California. Indeed, it is not even Core that initiates the activity that determines the ultimate destination of the internet traffic, as it is the end-user who decides which web sites to visit or friends to email. If the act of providing network access for internet traffic is sufficient to justify personal jurisdiction in any forum to which that traffic is eventually routed, then Core would not be immune from suit in any state in the union. Such a result surely would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

Because this is a case sounding in tort, the appropriate analysis for personal jurisdiction is whether Core "purposefully directed" any activity at California, "applying an 'effects test' that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo! Inc., supra,* at 1206. Under this analysis, the plaintiff must show that Core "(1) committed an intentional act, (2) expressly aimed at [California], (3) causing harm that [Core] knows is likely to be suffered in [California]." *Dole Food Co., Inc v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002). As the Ninth Circuit held in *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000), the "express aiming" requirement will be satisfied if the defendant's conduct was "targeted at a plaintiff whom the defendant knows to be a resident of the forum state."

The discovery that the plaintiff purports to seek will not establish facts to meet these requirements. Whether Adzilla had operations, servers, or advertising activities in California would not show that Core "expressly aimed" any of its activities at California. In its contract with Core, Adzilla represented itself to be a Canadian corporation headquartered in Vancouver. Core had no dealings with Adzilla in California. The contract authorized Adzilla to install its equipment on Core's network, which it did, in Pennsylvania and Virginia. If, as the plaintiff alleges, Adzilla's equipment copied or accessed any private information of Core's ISP customers (or the end-user customers of those ISPs)—and Core does not believe that it did—that would have occurred where the equipment was installed, not in California. And if, as the plaintiff alleges, Adzilla subsequently transmitted this information to California to be subjected to a "Deep Packet Inspection," then that was an activity initiated by Adzilla, not Core. Such activity, if it did occur—and Core does not believe that it did—cannot be imputed to Core as a basis for jurisdiction. *See, e.g., Kippperman v. McCone*, 422 F.Supp. 860, 873 n.14 (N.D. Cal. 1976) ("Contrary to plaintiff's assertion that personal jurisdiction over alleged co-conspirators may be acquired vicariously through the forum-related conduct of any single co-conspirator, the Court believes that personal jurisdiction over any non-resident individual must be premised upon forum-related acts personally committed by the individual. Imputed conduct is a connection too tenuous to warrant the exercise of personal jurisdiction"); *In re Automobile Antitrust Cases I & II*, 135 Cal.App.4th 100, 118, 37 Cal.Rptr.3d 258 (2005) ("Jurisdictional facts shown must pertain to each nonresident defendant individually, even in an alleged conspiracy.").

Additionally, the targeted customers for Adzilla's services—Core's ISPs and the end-users of those ISPs—were not located in California, but instead in places like Maryland or Pennsylvania or Virginia, where the plaintiff herself resides and where the ISP from which she purchased her internet access does business. Thus, to the extent that the plaintiff suffered harm because private internet data was accessed or copied by Adzilla—and Core disputes that it was—the locus of that harm was in Virginia, where the

- 6 -

1  plaintiff resides, not California. *E.g., Pearce v. E. F. Hutton Group, Inc.*, 664 F.Supp.
2  1490, 1499 (D.D.C. 1987) (harm caused by alleged invasion of privacy occurs where the
3  plaintiff is located at the time of the privacy invasion).

4      The plaintiff's argument (Pltf's Mem. at 11) that there was harm in California
5  because she communicated via the internet with California-based companies and their
6  private data must have been intercepted, too, has no basis in fact, and is, in any event,
7  irrelevant to the jurisdictional analysis. At issue is whether Core expressly targeted
8  California residents and whether harm to those residents was caused in California. Here,
9  there is no evidence—and discovery will not lead to any such evidence—that Core did
10 anything to target Facebook, or Google, or eBay, or Yahoo!, or Craigslist, or Wikipedia,
11 or any other business or individual located in California.

## III. CONCLUSION

The plaintiff has not contested the jurisdictional facts submitted by Core, and the discovery she purports to seek will not yield any facts sufficient to establish jurisdiction over Core. Core does not have any connection to California, let alone the minimum contacts necessary for it to be sued here. Core's motion to dismiss should be granted.

Dated: June 26, 2009

SCHIFF HARDIN LLP
ARENT FOX LLP

By: /s/ Rocky N. Unruh
Rocky N. Unruh
Attorneys for Defendant
Core Communications, Inc.

SF\9404024.1

Schiff Hardin LLP
Attorneys At Law
San Francisco

DEFENDANT CORE COMMUNICATIONS, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO DISMISS                                                    CASE NO. C09-00879 MMC