| | |
|---|---|
| REGINALD D. STEER (SBN 056324)<br>rsteer@akingump.com<br>MARIA ELLINIKOS (SBN 235528)<br>mellinikos@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>580 California Street, 15th Floor<br>San Francisco, California 94104-1036<br>Telephone: (415) 765-9500<br>Facsimile: (415) 765-9501<br><br>EDWARD P. LAZARUS (SBN 212658)<br>elazarus@akingump.com<br>STEPHEN MICK (SBN 131569)<br>smick@akingump.com<br>MICHAEL SMALL (SBN 222768)<br>msmall@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>2029 Century Park East, Suite 2400<br>Los Angeles, California 90067-3012<br>Telephone: (310) 229-1000<br>Facsimile: (310) 229-1001 | WILLIAM SLOAN COATS (SBN 94864)<br>wcoats@whitecase.com<br>MARK WEINSTEIN (SBN 193043)<br>mweinstein@whitecase.com<br>MARK F. LAMBERT (SBN 197410)<br>mlambert@whitecase.com<br>**WHITE & CASE LLP**<br>3000 El Camino Real<br>5 Palo Alto Square, 9th Floor<br>Palo Alto, California 94306<br>Telephone: (650) 213-0300<br>Facsimile: (650) 213-8158 |

Attorneys for Defendant and Counterclaimant
DVD COPY CONTROL ASSOCIATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation,<br><br>                  Plaintiffs,<br><br>   v.<br><br>DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, et al.<br><br>                  Defendants.<br><br>And Related Cases | Case No. C08 04548 MHP<br>Case No. C08 04719 MHP (related case)<br><br>**DECLARATION OF REGINALD D. STEER IN SUPPORT OF OPPOSITION OF DVD COPY CONTROL ASSOCIATION, INC. TO MOTION OF REALNETWORKS, INC. AND REALNETWORKS HOME ENTERTAINMENT, INC. TO STRIKE MOTION FOR PRELIMINARY INJUNCTION** |

1
STEER DECLARATION IN SUPPORT OF DVD CCA'S OPPOSITION TO MOTION    Case No. C08 04548 MHP
OF REALNETWORKS TO STRIKE MOTION FOR PRELIMINARY INJUNCTION    Case No. C08 04719 MHP

Dockets.Justia.com

I, REGINALD D. STEER, declare:

1. I am a member in good standing of the California State Bar and a partner in the law firm Akin Gump Strauss Hauer & Feld LLP, counsel of record for Defendant and Counterclaimant DVD Copy Control Association ("DVD CCA"). I am admitted to practice in the United States District Court for the Northern District of California. This declaration is made in support of the Opposition of DVD Copy Control Association, Inc. to the Motion of RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. to Strike DVD CCA's Motion for Preliminary Injunction. This declaration is based upon my personal knowledge, and if called to testify as to the contents of this declaration, I could and would competently do so.

2. Attached as Exhibit A is a true and correct copy of Plaintiffs' First Set of Interrogatories to DVD CCA, dated November 7, 2008.

3. Attached as Exhibit B is a true and correct copy of a November 25, 2008 e-mail from counsel for Real, Colleen Bal, to Reginald D. Steer.

4. Attached as Exhibit C is a true and correct copy of a November 26, 2008 e-mail from counsel for Real, Colleen Bal, to Reginald D. Steer.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct and that this declaration was executed at San Francisco, California, this 1st day of December, 2008.

                                                                              /s/
                                                          Reginald D. Steer

2

STEER DECLARATION IN SUPPORT OF DVD CCA'S OPPOSITION TO MOTION     Case No. C08 04548 MHP
OF REALNETWORKS TO STRIKE MOTION FOR PRELIMINARY INJUNCTION     Case No. C08 04719 MHP

# EXHIBIT A

| | |
|---|---|
| 1 | JAMES A. DiBOISE (SBN 83296)<br>jdiboise@wsgr.com |
| 2 | COLLEEN BAL (SBN 167637)<br>cbal@wsgr.com |
| 3 | MICHAEL A. BERTA (SBN 194650)<br>mberta@wsgr.com |
| 4 | TRACY TOSH LANE (SBN 184666)<br>ttosh@wsgr.com |
| 5 | **WILSON SONSINI GOODRICH & ROSATI PC** |
| 6 | One Market Street, Spear Tower, Suite 3300<br>San Francisco, CA 94105 |
| 7 | Tel: (415) 947-2000<br>Fax: (415) 947-2099 |
| 8 | |
| 9 | Attorneys for Plaintiffs<br>**REALNETWORKS, INC. and REALNETWORKS HOME** |
| 10 | **ENTERTAINMENT** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALNETWORKS, INC., a Washington Corporation; and REALNETWORKS HOME ENTERTAINMENT, INC., a Delaware corporation, | Case Nos. C08 04548 MHP;<br>C08 04719 MHP<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DVD COPY CONTROL ASSOCIATION, INC.** |
| Plaintiffs, | |
| v. | |
| DVD COPY CONTROL ASSOCIATION, INC., a Delaware nonprofit corporation, DISNEY ENTERPRISES, INC., a Delaware corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; SONY PICTURES ENTER., INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORP., a Delaware corporation; NBC UNIVERSAL, INC., a Delaware corporation; WARNER BROS. ENTER. INC., a Delaware corporation; and VIACOM, Inc., a Delaware Corporation, | |
| Defendants. | |
| AND RELATED CASES | |

Pursuant to Federal Rule of Civil Procedure 33, RealNetworks, Inc. and RealNetworks Home Entertainment, Inc. (collectively "Plaintiffs") hereby propound the following interrogatories to Defendant DVD Copy Control Association, Inc. Plaintiffs request that each interrogatory be answered separately and fully in writing and under oath in the manner prescribed by the Federal Rules of Civil Procedure.

## DEFINITIONS

A. "RealNetworks" means RealNetworks, Inc.

B. "RealNetworks Home Entertainment" means RealNetworks Home Entertainment, Inc.

C. "DVD CCA," "You" and "Your" mean DVD Copy Control Association, Inc. and its subsidiaries, divisions, parents, and affiliates, and all other officers, agents, directors, employees, representatives, consultants, experts, in-house and outside counsel, or other persons acting on its behalf or under its control.

D. "Procedural Specifications" shall mean the Procedural Specifications as referenced in the CSS License Agreement.

E. "Communication(s)" is used in its broadest sense and means every manner or method of disclosure or transfer or exchange of information, whether oral or by document, and whether face-to-face, by telephone, mail, personal delivery, email or otherwise.

F. "Relating to" or "relate to" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing, or otherwise relating to the subject matter.

G. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

H. The use of the singular form of any word includes the plural, and vice versa, as necessary to bring within the scope of the following requests all information which might otherwise be construed to be outside its scope.

I. "Any" shall mean one or more; "each" shall mean "each and every."

J. "Content" means any audio, visual, or audio-visual work or any other work that You claim is copyrighted.

**INSTRUCTIONS**

1. Whenever in these interrogatories there is a request to identify a natural person, state his or her:

    a. Full name;

    b. Title or position at the time identified in the interrogatory;

    c. Current title or position;

    d. Who or what entity, the individual represented at the time identified in the interrogatory; and

    e. Present or last known business or home address.

2. Whenever in these interrogatories there is a request to identify a business entity or firm (e.g., a company, competitor, manufacturer, producer, or seller), state:

    a. The full name of such business entity or firm; and

    b. The address of its principal place of business.

3. Whenever in these interrogatories there is a request to identify a document, state:

    a. The date of the document;

    b. The author and signatories of the document;

    c. The title, subject matter, and substance of the document; and

    d. The location and identity of the document, including a reference by Bates Number if applicable.

4. Whenever in these interrogatories there is a request to identify a meeting, state the date, location and attendees of such meeting.

5. In the event any information is withheld on a claim of any privilege or immunity, provide a log as required by the Federal Rules of Civil Procedure.

# INTERROGATORIES

**INTERROGATORY NO. 1**

Identify every document that You contend comprises the CSS License Agreement entered into by RealNetworks.

**INTERROGATORY NO. 2**

If You contend that RealDVD violates or fails to comply with any provision of the CSS License Agreement, identify each such provision.

**INTERROGATORY NO. 3**

For each provision identified in Your response to Interrogatory No. 2, describe in detail how RealDVD violates or fails to comply with such provision.

**INTERROGATORY NO. 4**

Identify each provision of what You contend to be the CSS License Agreement that You contend requires a physical DVD disc to be in the disc drive at the time of playback of DVD Content.

**INTERROGATORY NO. 5**

Identify each provision of what You contend to be the CSS License Agreement that You contend contains a restriction or prohibition on copying DVD Content.

**INTERROGATORY NO. 6**

Identify the individuals and entities who were involved in negotiating the CSS License Agreement, and the roles of each such individual or entity.

**INTERROGATORY NO. 7**

Identify the individuals and entities who were involved in drafting the CSS License Agreement, and the roles of each such individual or entity.

**INTERROGATORY NO. 8**

Describe the process by which amendments to the CSS License Agreement are effected, including any Document(s) governing or related to the amendment process.

**INTERROGATORY NO. 9**

Identify the individuals and entities who were involved in proposing or considering each amendment or proposed amendment to the CSS License Agreement, which was proposed or considered on or after January 1, 2006, and the roles of each such individual or entity.

**INTERROGATORY NO. 10**

Describe each amendment or proposed amendment to the CSS License Agreement, which was proposed or considered on or after January 1, 2006, including the purpose of the amendment or proposed amendment, whether such amendment was passed, and where if at all such amendment is reflected in the CSS License Agreement.

**INTERROGATORY NO. 11**

What do You contend the term "unauthorized copy" means as it is used in the CSS License Agreement?

**INTERROGATORY NO. 12**

If You contend that the term "unauthorized copy" has more than one meaning as it is used in the CSS License Agreement, state Your contentions regarding each such meaning and identify the corresponding contractual provision.

**INTERROGATORY NO. 13**

Do You contend that a system for marking content as described in Section 6.2.13.2 of the Procedural Specifications has been adopted?

**INTERROGATORY NO. 14**

If You contend that a system for marking content as described in Section 6.2.13.2 of the Procedural Specifications has been adopted, identify all provisions of what You contend to be the CSS License Agreement relating to such content marking system.

**INTERROGATORY NO. 15**

If You contend that a system for marking content as described in Section 6.2.13.2 of the Procedural Specifications has been adopted, identify all requirements or restrictions that You contend such a system imposes upon Plaintiffs.

**INTERROGATORY NO. 16**

If You contend that a system for marking content as described in Section 6.2.13.2 of the Procedural Specifications has been adopted, identify all documents that support your contentions that (i) such a system has been adopted, and (ii) the system imposes the requirements and restrictions identified by You in response to Interrogatory No. 15.

**NTERROGATORY NO. 17**

If You contend that the CSS technology which is the subject of the CSS License Agreement constitutes a "technological measure that effectively controls access" to DVD content, explain in detail how such CSS technology effectively controls access to DVD content.

**INTERROGATORY NO. 18**

If You contend that the CSS technology which is the subject of the CSS License Agreement constitutes a "technological measure that effectively protects" any of Your rights in or to DVD content under the Copyright Act, identify each such right and explain in detail how such CSS technology effectively protects such right.

**INTERROGATORY NO. 19**

If You contend that RealDVD circumvents the CSS technology which is the subject of the CSS License Agreement under Section 1201 of the Digital Millennium Copyright Act, explain in detail each and every way in which You contend RealDVD circumvents the CSS technology.

Dated: November 7, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
Bryan J. Ketroser
bketroser@wsgr.com

Attorneys for Plaintiffs
REALNETWORKS, INC. AND
REALNETWORKS HOME
ENTERTAINMENT, INC.

# PROOF OF SERVICE

I, Adrienne Baranski, declare:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, One Market, Spear Tower, Suite 3300, San Francisco, California 94105.

On this date, I served:

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DVD COPY CONTROL ASSOCIATION, INC.**

☐ By placing the document(s) in a sealed envelope for collection and mailing with the United States Postal Service on this date to the person(s) listed below.

☐ By consigning the document(s) to an express mail service for guaranteed next day delivery to the person(s) listed below.

☐ By consigning the document(s) by hand delivery on this date to the person(s) listed below.

☒ By consigning the document(s) to a facsimile operator for transmittal on this date to the person(s) listed below.

**SEE ATTACHED SERVICE LIST**

☒ By forwarding the document(s) by electronic transmission on this date, in compliance with Civil L.R. 23-2, to the Designated Internet Site(s) listed below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above. In the ordinary course of business, documents would be handled accordingly.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on November 7, 2008.

_____
Adrienne Baranski

PROOF OF SERVICE
CASE NOS: C08 04548 MHP
C08 04719 MHP
-1-
3521051_1.DOC

## SERVICE LIST

REGINALD D. STEER (SBN 056324)
rsteer@akingump.com
MARIA ELLINIKOS (SBN 235528)
mellinikos@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California, 15th Floor
San Francisco, California 94104-1036
Tel: (415) 765-9500
Fax: (415) 765-9501

EDWARD P. LAZARUS (SBN 212658)
elazarus@akingump.com
STEPHEN MICK (SBN 131569)
smick@akingump.com
MICHAEL SMALL (SBN 222768)
msmall@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: (310) 229-1000
Fax: (310) 229-1001

WILLIAM SLOAN COATS (SBN 94864)
wcoats@whitecase.com
MARK WEINSTEIN (SBN 193043)
mweinstein@whitecase.com
MARK F. LAMBERT (SBN 197410)
mlambert@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
Tel: (650) 213-0300
Fax: (650) 213-8158

Attorneys for Defendant
**DVD COPY CONTROL ASSOCIATION, INC**

GLENN D. POMERANTZ (SBN 112503)
Glenn.Pomerantz@mto.com
LAWRENCE C. BARTH (SBN 123002)
Lawrence.Barth@mto.com
BART H. WILLIAMS (SBN 134009)
Bart.Williams@mto.com
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
**MUNGER TOLLES & OLSON LLP**
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Tel: (213) 683-9100; Fax: (213) 687-3702

ROBERT H. ROTSTEIN (SBN 72452)
rxr@msk.com
ERIC J. GERMAN (SBN 224557)
ejg@msk.com
BETSY A. ZEDEK (SBN 241653)
baz@msk.com
**MITCHELL, SILBERBERG & KNUPP LLP**
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Tel: (310) 312-2000
Fax: (310) 312-3100

Attorneys for Defendants
**PARAMOUNT PICTURES CORP., SONY PICTURES ENTERTAINMENT, INC., TWENTIETH CENTURY FOX FILM CORP., NBC UNIVERSAL, INC., WARNER BROS. ENTERTAINMENT, INC., and VIACOM, INC.**

# EXHIBIT B

## Wang, Teresa

**Subject:** RE: RealNetworks Litigation

**From:** Bal, Colleen [mailto:cbal@wsgr.com]
**Sent:** Tuesday, November 25, 2008 4:20 PM
**To:** 'Steer, Reginald'; Berta, Michael
**Cc:** DiBoise, Jamie; Lambert, Mark F.; Weinstein, Mark R.; Lazarus, Edward; Mick, Stephen R.; Ellinikos, Maria
**Subject:** RE: RealNetworks Litigation

Reg,

Thank you for your email. You did not receive a designation of witnesses from us because we have no agreement with the DVD CCA to provide you with any such designation concerning the hearing on the Studios' preliminary injunction motion set for Jan 27-29. In fact, we were puzzled to receive a designation of witnesses from your colleague Eddie Lazarus, since the DVD CCA is not entitled to put on witnesses at that hearing, which involves solely the Studios' motion for preliminary injunction and RealNetworks' opposition.

As you know, we have moved to strike the DVD CCA's notice of motion and motion for PI, which purported to set a hearing date of Jan 27, 2009, for failure to meet the requirements of the federal and local rules. You have acknowledged that your notice is defective and you have told us that the DVD CCA intends to "remedy" the defects by filing a brief in support of a PI sometime next month. Thus, by your own admission, the DVD CCA currently has no valid pending notice of motion or motion of its own. Even if it did, to our knowledge, the Court has not authorized the DVD CCA to participate in any capacity at the Jan 27-29 hearing on the Studios' motion. Without such an order, the DVD CCA has no basis to participate.

Regards,
Colleen

**From:** Steer, Reginald [mailto:rsteer@AKINGUMP.com]
**Sent:** Tuesday, November 25, 2008 10:51 AM
**To:** Bal, Colleen; Berta, Michael
**Cc:** DiBoise, Jamie; Lambert, Mark F.; Weinstein, Mark R.; Lazarus, Edward; Mick, Stephen R.; Ellinikos, Maria
**Subject:** RealNetworks Litigation
**Importance:** High

Colleen and Mike,

Neither my colleagues at Akin Gump nor our co-counsel at White & Case have received your designation of witnesses. Would you please provide it to us as soon as possible? I understand that in my absence, Eddie Lazarus sent you the DVD CCA's designation.

*Reg Steer*

Reginald D. Steer
Akin Gump Strauss Hauer & Feld, LLP
580 California Street, 15th Floor
San Francisco, CA 94104-1036
Tel: (415) 765-9520   Fax: (415) 765-9501

12/1/2008

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

This email and any attachments thereto may contain private, confidential, and privil material for the sole use of the intended recipient. Any review, copying, or distri this email (or any attachments thereto) by others is strictly prohibited. If you ar intended recipient, please contact the sender immediately and permanently delete the and any copies of this email and any attachments thereto.

==========================================================================

This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you

==========================================================================

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

This email and any attachments thereto may contain private, confidential, and privil material for the sole use of the intended recipient. Any review, copying, or distri this email (or any attachments thereto) by others is strictly prohibited. If you ar intended recipient, please contact the sender immediately and permanently delete the and any copies of this email and any attachments thereto.

# EXHIBIT C

## Wang, Teresa

**Subject:** RE: RealNetworks Litigation

---

**From:** Bal, Colleen [mailto:cbal@wsgr.com]
**Sent:** Wednesday, November 26, 2008 3:00 PM
**To:** Steer, Reginald; Berta, Michael
**Cc:** Weinstein, Mark R.; Ellinikos, Maria; Mick, Stephen R.; Lazarus, Edward; Lambert, Mark F.; DiBoise, Jamie; Tosh Lane, Tracy
**Subject:** RE: RealNetworks Litigation

Reg, a

All the Court indicated at the TRO hearing regarding DVD CCA participation was that it would be subject to discovery. Judge Patel did not say that you could participate in any way at the PI hearing. And while William Coates was present at the TRO proceedings, he chose to remain silent rather than seek permission for the DVD CCA to participate. The fact that you plan to file a PI brief in the future does nothing to change the fundamental point that you have no court authority to participate in the hearing on the Studios' motion or otherwise insert yourself into those proceedings. Thus, whatever you intend is of no moment unless you first obtain court approval.

Regards,
Colleen

---

**From:** Steer, Reginald [mailto:rsteer@AKINGUMP.com]
**Sent:** Wednesday, November 26, 2008 10:15 AM
**To:** Bal, Colleen; Berta, Michael
**Cc:** Weinstein, Mark R.; Ellinikos, Maria; Mick, Stephen R.; Lazarus, Edward; Lambert, Mark F.; DiBoise, Jamie
**Subject:** RE: RealNetworks Litigation

Colleen,

We have made clear repeatedly that DVD CCA intends to be heard at the preliminary injunction hearing and will file a memorandum of points and authorities in support of its preliminary injunction motion. Your assertion that I told you that we would "remedy" a "defect" in our motion is simply wrong. To set the record straight, this is what I wrote to Judge Patel on that issue:

> **Shortened Briefing Time for Real's Motion to Strike:** Based on the call with Mr. Bowser, DVD CCA understood that the Court could not accommodate a shortened schedule and therefore does not join Real's request. Moreover, DVD CCA has informed Real that it intends to file a memorandum of points and authorities in support of its motion for preliminary injunction in accordance with the noticed hearing date. Counsel for the DVD CCA believes that this will moot Real's Motion to Strike.

Our position is consistent with and responsive to Judge Patel's expression of interest in hearing from the DVD CCA, made at the TRO hearing. And we intend to continue to

participate fully in discovery leading up to the preliminary injunction hearing.

*Reg Steer*

Reginald D. Steer
Akin Gump Strauss Hauer & Feld, LLP
580 California Street, 15th Floor
San Francisco, CA 94104-1036
Tel: (415) 765-9520　　Fax: (415) 765-9501

---

**From:** Bal, Colleen [mailto:cbal@wsgr.com]
**Sent:** Tuesday, November 25, 2008 4:20 PM
**To:** 'Steer, Reginald'; Berta, Michael
**Cc:** DiBoise, Jamie; Lambert, Mark F.; Weinstein, Mark R.; Lazarus, Edward; Mick, Stephen R.; Ellinikos, Maria
**Subject:** RE: RealNetworks Litigation

Reg,

Thank you for your email. You did not receive a designation of witnesses from us because we have no agreement with the DVD CCA to provide you with any such designation concerning the hearing on the Studios' preliminary injunction motion set for Jan 27-29. In fact, we were puzzled to receive a designation of witnesses from your colleague Eddie Lazarus, since the DVD CCA is not entitled to put on witnesses at that hearing, which involves solely the Studios' motion for preliminary injunction and RealNetworks' opposition.

As you know, we have moved to strike the DVD CCA's notice of motion and motion for PI, which purported to set a hearing date of Jan 27, 2009, for failure to meet the requirements of the federal and local rules. You have acknowledged that your notice is defective and you have told us that the DVD CCA intends to "remedy" the defects by filing a brief in support of a PI sometime next month. Thus, by your own admission, the DVD CCA currently has no valid pending notice of motion or motion of its own. Even if it did, to our knowledge, the Court has not authorized the DVD CCA to participate in any capacity at the Jan 27-29 hearing on the Studios' motion. Without such an order, the DVD CCA has no basis to participate.

Regards,
Colleen

---

**From:** Steer, Reginald [mailto:rsteer@AKINGUMP.com]
**Sent:** Tuesday, November 25, 2008 10:51 AM
**To:** Bal, Colleen; Berta, Michael
**Cc:** DiBoise, Jamie; Lambert, Mark F.; Weinstein, Mark R.; Lazarus, Edward; Mick, Stephen R.; Ellinikos, Maria
**Subject:** RealNetworks Litigation
**Importance:** High

Colleen and Mike,

Neither my colleagues at Akin Gump nor our co-counsel at White & Case have received your designation of witnesses. Would you please provide it to us as soon as possible? I understand that in my absence, Eddie Lazarus sent you the DVD CCA's designation.

*Reg Steer*

Reginald D. Steer
Akin Gump Strauss Hauer & Feld, LLP

580 California Street, 15th Floor
San Francisco, CA 94104-1036
Tel: (415) 765-9520    Fax: (415) 765-9501

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

This email and any attachments thereto may contain private, confidential, and privil
material for the sole use of the intended recipient. Any review, copying, or distri
this email (or any attachments thereto) by others is strictly prohibited. If you ar
intended recipient, please contact the sender immediately and permanently delete the
and any copies of this email and any attachments thereto.

==========================================================================

This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you

==========================================================================

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

This email and any attachments thereto may contain private, confidential, and privil
material for the sole use of the intended recipient. Any review, copying, or distri
this email (or any attachments thereto) by others is strictly prohibited. If you ar
intended recipient, please contact the sender immediately and permanently delete the
and any copies of this email and any attachments thereto.